**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Oil Daddy, LLC | § | Case No. 24-70009 |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING PAYMENT OF**
**PRE-PETITION PAYROLL OBLIGATIONS**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Oil Daddy, LLC ("Oil Daddy" or "Debtor"), Debtor-in-possession, in the above bankruptcy case, and hereby files this Motion for Order Authorizing Payment of Pre-Petition Payroll Obligations, pursuant to 11 U.S.C. §§ 105, 363, and 507, and Fed. R. Bankr. P. 9013 ("Motion"), and would respectfully show this court as follows:

1. Debtor filed a voluntary petition for relief on February 2, 2024 under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). Debtor elected to proceed under Sub Chapter V of Chapter 11.

## Jurisdiction and Venue

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(A) and (M). Venue over this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order in this matter. If this Court determines it does not have such authority, the Debtor consents to entry of a final order in this matter.

## Relief Requested

3. The Debtor requests authority to pay pre-petition wages. Specifically, on February 2, 2024 at 9:46 a.m. the Debtor instructed the bank to pay John Sánchez, the salesperson, the amount of $5,384.61 by wire transfer. This case was filed on February 2, 2024 at 9:48 a.m. The wire transfer, in all likelihood, occurred post-petition. Debtor requests retroactive approval for this amount paid, by mistake, before Court approval was requested. Debtor also requests permission from this Court to pay the amount of $1,036.28 for pre-petition wages owed to employee Jessica Rogers.

## Background

4. On February 2, 2024 the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code in this Court. The Debtor remains in possession of its property and is operating as a Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No committee has been appointed in the Debtor's case at this time. Brad W. Odell has been appointed as Sub Chapter V Trustee.

5. Debtor provides equipment, as well as services of mixing and sale of chemicals for use in drilling oil wells. Debtor filed this bankruptcy to reorganize and be able to operate its business completely.

**Reasons the Relief Should be Granted**

6. The Debtor's employees and contractors are critical to the Debtor's reorganization. If payments are not made to the employees and contractors, the business will be unable to continue.

7. As of the petition date, the employees and contractors of the Debtor were compensated at rates that are reasonably comparable within the industry. These employees and contractors perform services that are critical and necessary to the operation of the Debtor's business. It would be impossible for the Debtor to operate and reorganize in Chapter 11 without these employees and contractors. Although these pre-petition wages are relatively small to the Debtor, the importance of the pay to the individuals is critical. If the Debtor is unable to pay these employees and contractors, they may leave and seek other employment. The time that it would take for the Debtor to advertise for, interview, hire, and train an employee or contractor would significantly impact the Debtor's gross revenue and impact its ability to reorganize. No individual employee or contractor who is listed to be paid is due more than the priority amount under 11 U.S.C. § 507(a)(4) of $13,650.00.

8. The total amount proposed to be paid to the Debtor's employees and contractors for their pre-petition wages and benefits is *de minimus* compared to the costs associated with the Debtor losing these employees and contractors. This Court has the discretion to authorize the payment of pre-petition obligations such as pre-petition wages. Bankruptcy courts in the Southern District have approved the payment of pre-petition wage claims and benefit claims on the ground that payment was necessary for successful reorganization. *See e.g.*, *In re Equalnet Communications Corp.*, 258 B.R. 368 (Bankr. S.D. Tex. 2000); *In re Drypers Corp.*, Case No. 00-39360 (Bankr. S.D. Tex. 2000). The payment of such pre-petition obligations flows from the "necessity of payment" doctrine which allows for such payment when the failure to pay a pre-petition obligation would pose a real and

significant threat to a debtor's reorganization. *See e.g.*, *Lehigh Valley Railroads Co.*, 558 F.2d 137 (3d Cir. 1977); *In re Penn Central Transportation Co.*, 467 F.2d 100 (3d Cir. 1972). The District of Delaware authorized the payment of prepetition claims "necessary to realize the goal of chapter 11 -- a successful reorganization." under Section 105 of the Bankruptcy Code. *In re Just For Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999). Other courts have authorized payment of pre-petition wages on these same principles. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989); *In re Gulfair, Inc.*, 112 B.R. 152 (Bankr. W.D. LA. 1989); *In re Chateaugay*, 80 B.R. 279 (Bankr. S.D.N.Y. 1987); *In re Northern Pipeline Construction Co.*, 2 C.B.C.2d 475 (Bankr. D. Minn. 1980).

9. Section 105(a) of the Bankruptcy Code gives the court authority to grant such relief. That section states, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Without authorization to pay the pre-petition wage claims, the Debtor runs the serious risk of losing some or all of its critical employees or contractors. These employees and contractors are necessary to the effective reorganization of the Debtor. Losing any of these employees or contractors would cause disruption of the Debtor's operation and potentially cause a decrease in gross revenue. The Debtor seeks authority to pay the accrued but unpaid wage claims of its employees and contractors, along with any withholding taxes and the contractual payroll processing fee.

WHEREFORE, PREMISES CONSIDERED, Oil Daddy, LLC respectfully requests this Court to authorize the Debtor to pay its pre-petition wages and for such other and further relief as to which the Debtor may be entitled in law or equity.

Dated: February 14, 2024.

        Respectfully submitted,

        */s/ Reese W. Baker*
        Reese W. Baker
        TX Bar No. 01587700
        Baker & Associates
        950 Echo Lane, Suite 300
        Houston, Texas 77024
        (713) 869-9200
        (713)869-9100 FAX
        ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I certify that on or about February 14, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas.

A separate certificate of service of notice of hearing on this motion, accompanied with this motion and proposed order, will be filed for entities not on the electronic filing system at this time.

        */s/ Reese W. Baker*
        Reese W. Baker