UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
GARY WRIGHT
ASSISTANT UNITED STATES TRUSTEE
SHANE P. TOBIN
TRIAL ATTORNEY
903 SAN JACINTO BLVD., ROOM 230
AUSTIN, TX 78701
Telephone: (512) 916-5428
Fax: (512) 916-5331

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-70009-SMR |
| OIL DADDY, LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**MOTION TO DISMISS OR CONVERT CASE**

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (U.S. Trustee), hereby moves this Court to dismiss or convert the above-captioned case (Bankruptcy Case) for cause under 11 U.S.C. § 1112(b)(1),[1] and respectfully represents as follows:

**I.   SUMMARY OF ARGUMENT**

1. The Bankruptcy Case should be dismissed because debtor Oil Daddy, LLC (Debtor) failed to timely file monthly operating reports (MOR) for the months of February, March, and April of 2024 as required by Bankruptcy Local Rule 2015(b). Debtor's unexcused failure to

---

[1] Hereinafter, all references to Section" or "§" are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.

timely satisfy the filing and reporting requirement of Bankruptcy Local Rule 2015(b) is "cause" under 11 U.S.C. § 1112(b) to convert or dismiss the Bankruptcy Case. 11 U.S.C. § 1112(b)(4)(C).

## II.     JURISDICTION AND STANDING

2.      The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and 11 U.S.C. § 1112(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). The U.S. Trustee is a recognized party-in-interest with standing to request dismissal or conversion of a chapter 11 case. 28 U.S.C. § 586(a)(8).

## III.    STATEMENT OF FACTS

3.      Debtor filed its voluntary bankruptcy petition on February 2, 2024. Debtor continued operating its business as debtor in possession pursuant to §§ 1107 and 1108.

4.      No plan has been confirmed in Debtor's case, and Debtor's case has not been converted or dismissed.

5.      As of the date of filing this Motion, Debtor has not filed MORs for the months of February, March, and April of 2024 and the deadline for filing the subject MORs has expired.

## IV.    ARGUMENT

6.      Cause exists under Section 1112(b)(4)(F) to convert or dismiss this case because Debtor failed to timely satisfy the filing and reporting requirement of Bankruptcy Local Rule 2015(b).

*a.     Statutory Framework*

7.      Section 1112(b) of the Bankruptcy Code (the "Code") provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause," unless the court determines that appointment of a trustee or examiner under

Section 1104(a) is in the best interests of creditors and the estate.[2] "The Code does not define 'cause,' but Section 1112(b)(4) provides a non-exhaustive list of examples of 'cause' that would support dismissal or conversion." *In re Baribeau*, 603 B.R. 797, 802 (Bankr. W.D. Tex. 2019).

8. Under Section 1112(b)(4), "cause" includes a debtor's unexcused failure to satisfy a filing or reporting requirement established by any rule applicable to a case under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1112(b)(4)(F). "[T]he Court must also consider the totality of the circumstances" when determining whether "cause" exists to dismiss or convert a case under Section 1112(b)(1). *In re Baribeau*, 603 B.R. at 802 (citing *Matter of T-H New Orleans, L.P.*, 116 F.3d 790, 802 (5th Cir. 1997)).

9. If the movant establishes cause, a debtor may avoid dismissal only if it can produce evidence of unusual circumstances demonstrating that conversion or dismissal is not in the best interests of creditors or the estate and, further, that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time. 11 U.S.C. § 1112(b)(1)-(2); *In re Baribeau*, 603 B.R. at 802.

10. Bankruptcy Local Rule 2015(b) requires a Chapter 11 debtor to file MORs "in the form prescribed by the United States Trustee" no later than the twentieth day of the following month until a plan is confirmed, or the case is dismissed or converted. L. Rule 2015(b). Debtor is required to provide a signed copy of their MOR to the U.S. Trustee. *Id.*

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), the decision to convert or dismiss a chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. *See* 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1] (15th ed. rev. 2009); *see also In re Gateway Access Solutions, Inc.*, 364 B.R. 556, 560 (Bankr. M.D. Pa. 2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to section 1112 limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause.

b. *Debtor's Unexcused Failure to Timely Satisfy the Filing and Reporting Requirements of Bankruptcy Local Rule 2015 is Cause to Dismiss or Convert*

11. Cause exists to convert or dismiss the instant case because Debtor failed to timely satisfy the filing and reporting requirements of Bankruptcy Local Rule 2015(b), and such failure is unexcused. 11 U.S.C. § 1112(b)(4)(F).

12. Debtor has not filed MORs for the months of February, March, and April of 2024 as of the date of filing this Motion and the deadline for filing those reports has passed. The U.S. Trustee respectfully submits that Debtor's failure to file MORs is unexcused. Debtor's unexcused failure to timely file MORs timely cannot be "cured" by filing the delinquent reports after the filing of this motion. *See In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 716-17 (Bankr. D. Md. 2011) (holding that the filing of all delinquent MORs before the hearing on a motion to dismiss does not "excuse" the original failure). Accordingly, cause exists to convert or dismiss the case. 11 U.S.C. § 1112(b)(4)(F).

c. *Dismissal of Debtor's Bankruptcy Case is in the Best Interests of Creditors and the Estate*

13. Because cause exists to convert or dismiss Debtor's bankruptcy case, the Court must convert the case under chapter 7 or dismiss, whichever is in the best interests of creditors and the estate, unless the Court determines appointment of a trustee or examiner under Section 1104 is in the best interests of creditors and the respective estate. 11 U.S.C. § 1112(b)(1).

14. The U.S. Trustee respectfully submits that dismissal of Debtor's bankruptcy case is in the best interest of the estate and creditors. Debtor has little to no unencumbered assets, and a Chapter 7 trustee would have little if any estate to administer and no significant ability to pay unsecured creditors.

15. The appointment of a trustee or examiner under Section 1104 is not in the best interest of creditors or the estate as any such appointment would result in additional cost to an

estate that does not have significant unencumbered assets. In the event of conversion, the U.S. Trustee requests that the Court order Debtor to comply with the provisions of Bankruptcy Rule 1019.

16. The UST requests that any order dismissing the case provide for payment of all quarterly fees owed to the UST under 28 U.S.C. § 1930(a)(6).

## V. CONCLUSION

For the reasons above, the U.S. Trustee requests that the Court enter an order dismissing Debtor's bankruptcy case and grant such other and further relief as the Court deems appropriate under applicable law and rules of procedure.

Dated: May 24, 2024

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7

By: */s/ Shane P. Tobin*
    Shane P. Tobin
    Trial Attorney
    CA State Bar No. 317282
    903 San Jacinto Blvd., Room 230
    Austin, Texas 78701
    Telephone: (512) 916-5348
    Fax: (512) 916-5331
    shane.p.tobin@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that true and correct copies of the foregoing Motion to Dismiss or Convert Case and proposed Order were served on all parties on the attached mailing matrix (not attached to service copies) on May 24, 2024.

            */s/ Shane P. Tobin*
            Shane P. Tobin
            Trial Attorney